UNITED STATES DISTRICT COURT
SOUTHERN DISCRICT OF NEW YORK

_____X

In re: WILLIAM C. BACE

　　　　　　Appellant

_____X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: SEP 0 2 2011

**NOTICE OF MOTION FOR**

**CONSOLIDATION OF**

**CASES**

11 CV 6065

**TO RESPONDENTS** New York City Marshal Jeffrey S. Rose, New York City

Department of Finance, and New York City Police Department, and their attorneys of record:

　　**PLEASE TAKE NOTICE** that upon Appellant's verified Affidavit and Memorandum

of Law, sworn to on August 13, 2011, and the exhibits attached thereto, Appellant will move this

Court, _____, U.S.D.J, in Room _____, United States Courthouse, _____, New

York  NY  10007, on the ____ day of _____, **2011, at 10:00 a.m**. or as soon

thereafter as counsel can be heard, for an order pursuant to Rule 42 (a), of the Federal Rules of

Civil Procedure granting Appellant's motion for the consolidation of the following proceedings

currently pending in this Court::

　　1. *In re William C. Bace,* Appeal from the Order of the Honorable Robert D. Drain dated

June 28, 2011 entitled "ORDER DENYING IN PART AND GRANTING IN PART DEBTOR'S

MOTION FOR AN ORDER . . ."; Case No.  11  CV  6065;   and

　　2. *In re William C. Bace,* Appeal from the Order of the Honorable Robert D. Drain dated

June 28, 2011 entitled "ORDER DENYING THE DEBTOR'S MOTION TO RECONSIDER,",

Case No.  11  CV  6066.

This motion is made pursuant to Federal Rules of Civil Procedure Rule 42(a).  The grounds for the motion are that both cases are properly before the court and share common questions of law and fact.

Furthermore, by consolidating these cases, Court efficiency will be increased and the duplication of evidence and procedures will be avoided, as will the potential for inconsistent adjudications.

This motion is based on the declaration of Appellant, the memorandum of points and authorities, and the argument of counsel at the hearing.

Dated:  New York, NY
      September 2, 2011

William C. Bace     Appellant *pro se*
31 East 30th Street, Apartment A
New York  NY  10016
Tel:  917-388-2278
Email:  nyce30@gmail.com

**TO BE SERVED UPON:**

Heike Vogel, Esq.
Arent Fox LLP
1675 Broadway
New York  NY  10019

Thomas C. Lambert, Esq.
Lambert and Shackman PLLC
274 Madison Avenue
New York  NY  10016-0701

Joshua Wolf, Esq.
Assistant Corporation Counsel
Office of Corporation Counsel
NYC Law Department
100 Church Street, Room 5-199
New York  NY  10007

Tracy Hope Davis, Esq.
United States Trustee for the Southern
    District of NY
33 Whitehall Street, #21
New York  NY  10004

UNITED STATES DISTRICT COURT
SOUTHERN DISCRICT OF NEW YORK
————————————————————————X

In re: WILLIAM C. BACE

        Appellant .

————————————————————————X

**AFFIDAVIT
AND
MEMORANDUM OF LAW**

11 CV 6065

## A F F I D A V I T   A N D   M E M O R A N D U M   O F   L A W

**COMES NOW** William C. Bace, Appellant *pro se*, first being duly sworn on oath

according to law and under the penalties of perjury, and, pursuant to Rule 42 (a) of the Federal

Rules of Civil Procedure, and respectfully moves this Honorable Court to consolidate the below-

referenced appeals for all matters, including scheduling, briefing and oral argument, and, for

cause therefor, states and affirms as follows:

    1.  On or about July 11, 2011, Appellant filed Notices of Appeal from two (2) Orders of

the Honorable Robert D. Drain, United States Bankruptcy Court, Southern District of New York;

*i.e.,* "Order Denying in Part and Granting in Part Debtor's Motion for an Order (a) Holding the

New York City Department of Finance, New York City Marshal Jeffrey S. Rose and the New

York City Police Department in Contempt of Court for Violation of the Automatic Stay and

Discharge Injunction and Determining and Assessing Appropriate Sanctions and (b) Determining

the Claims of the Department of Finance for Prepetition Parking Fines to be Discharged and/or

Permitting the Debtor to Avoid Liens Which Impair His Claimed Exemptions," dated June 28,

2011 (hereafter the "Sanctions Order"),  and "Order Denying the Debtor's Motion to

Reconsider," dated June 28, 2011 (hereafter the " Reconsideration Denial").   A copy of said

Notices of Appeal and their underlying Orders are attached hereto as Appellant's "Exhibit A,"

"Exhibit B," "Exhibit C," and "Exhibit D," respectively.

2. A primary basis of Appellant's appeal of the Sanctions Order is that the Bankruptcy Court did not fairly determine, assess and/or calculate the amount of compensatory and/or punitive damages awarded to Appellant.

3. A primary basis of Appellant's appeal of the Reconsideration Denial is that the Bankruptcy Court did not provide Appellant with an adequate opportunity to fully testify and enumerate the full extent and/or measure of damages claimed by Appellant.

## ARGUMENT

Rule 42 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (a) Consolidation.  If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.

Rule 42(a) permits a court to consolidate actions pending before it if those actions involve a "common question of law or fact."  The standard is an expansive one, the determination of which rests solely in the sound discretion of the trial court. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281  (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990).  Under Rule 42, courts have broad discretion whether to consolidate, and courts consider whether judicial economy favors consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88  (S.D.N.Y. 2007).  The only requirement a trial court must find in order to consolidate is whether there are common questions of law or fact shared by the cases to be consolidated. *E.E.O.C. v. HBE Corp.* 135 F3d 543  (8th Cir. 1998).

In reaching its decision to consolidate cases, a trial court must only find a "common question of law or fact," but it may also consider several factors that would affect the litigation,

including the burden on parties, witnesses, judicial resources, the risk of inconsistent

adjudications, the potential for prejudice, and the risk of delaying trial. *Johnson v. Celotex*

*Corp.,* 899 F2d 1281  (2nd Cir. 1990);   *Cantrell v. GAF Corp.,*  999 F2d 1007  (2nd Cir. 1990);

*Malcolm v. National Gypsum Co.,*  995 F2d 346  (2nd Cir. 1990);   *Mills v. Beech Aircraft Corp.,*

886 F2d 758  (5th Cir. 1989).

Consolidation is unquestionably appropriate in this instance.  The instant appeals have

both been filed in United States District Court, Southern District of New York, pursuant to 28

USC 158, and are, therefore, properly "before the court."

The "common question of law or facts" that Appellant's two (2) appeals share is the

question of damages Appellant claims to have suffered.  In Appellant's appeal of the

Reconsideration Denial, the Appellant's arguments will focus on the nature of the damages

Appellant claims to have incurred.  In Appellant's appeal of the Sanctions Order, Appellant's

arguments will focus upon the extent (monetary amount) of said damages suffered by Appellant

which were not previously considered by the Bankruptcy Court.  Appellant suggests that should

these proceedings not be consolidated, the issue of the nature and extent of Appellant's claims

will be presented and argued in both appeals.  Without consolidation, in addition to the misuse of

this Court's valuable time and resources, and the unnecessary increased expense to the parties to

prosecute/defend two appeals, separate proceedings, in separate courtrooms with separate judges

presents an unnecessary risk of inconsistent adjudications.

Appellant submits that the benefits of consolidating these two appeals would clearly

serve the interests of justice; *i.e.,* increase judicial efficiency, avoid duplicative evidence,

procedure, and inconsistent adjudications, preclude waste, and alleviate potential burdens and

expenses to the court and all parties involved.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Honorable Court

consolidate the two appeals from the Bankruptcy Court filed by Appellant, as well as grant such

further and additional relief as the nature of this case may require and which to this Honorable

Court shall appear just and proper.

Respectfully submitted,

Dated:  New York, NY
    August 13, 2011

William C. Bace, Appellant *pro se*
51 East 30th Street, Apartment A
New York  NY  10016
Tel:  917-388-2278
Email:  nyce30@gmail.com

Subscribed and Sworn
this 13th day of August, 2011

Notary Public
My Commission Expires: 5-7-14

KARIM O THOMAS
Notary Public - State of New York
NO. 01TH6136317
Qualified in New York County
My Commission Expires 5-7-14

**TO BE SERVED UPON:**

Heike Vogel, Esq.
Arent Fox LLP
1675 Broadway
New York  NY  10019

Joshua Wolf, Esq.
Assistant Corporation Counsel
Office of Corporation Counsel
NYC Law Department
100 Church Street, Room 5-199
New York  NY  10007

Thomas C. Lambert, Esq.
Lambert and Shackman PLLC
274 Madison Avenue
New York  NY  10016-0701

Tracy Hope Davis, Esq.
United States Trustee for the Southern
  District of NY
33 Whitehall Street, #21
New York  NY  10004

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re WILLIAM C. BACE

Case No.:  05-42446

Chapter 7

### N O T I C E   O F   A P P E A L

BILL BACE, Debtor/Appellant pro se, appeals under 28 U.S.C. §158(a) from the Order of the Honorable Robert D. Drain dated June 28, 2011 entitled "ORDER DENYING IN PART AND GRANTING IN PART DEBTOR'S MOTION FOR AN ORDER (A) HOLDING THE NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY MARSHAL JEFFREY S. ROSE AND THE NEW YORK CITY POLICE DEPARTMENT IN CONTEMPT OF COURT FOR VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION AND DETERRMINNING AND ASSESSING APPROPRIATE SANCTIONS AND (B) DETERMINING THE CLAIMS OF THE DEPARTMENT OF FINANCE FOR PREPETITION PARKING FINES TO BE DISCHARGED AND/OR PERMITTING THE DEBTOR TO AVOID LIENS WHICH IMPAIR HIS CLAIMED EXEMPTIONS," entered on the docket by the Clerk of the Bankruptcy Court on the 28th day of June, 2011.

The names of all parties to the said Order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

| PARTY | ATTORNEY |
|---|---|
| William C. Bace, Debtor | William C. Bace pro se<br>31 East 30th Street, Apartment A<br>New York  NY  10016<br>Telephone: 917-388-2278<br>Email: nyce30@gmail.com |
| Roy Babitt, Chapter 7 Trustee | Heike Vogel, Esq.<br>Arent Fox LLP<br>1675 Broadway<br>New York  NY  10019<br>Telephone: 212-484-3900 (direct:492-3304)<br>Email:  vogel.heike@arentfox.com |

| PARTY | ATTORNEY (con't) |
|---|---|
| The City of New York Department of Finance | Joshua Wolf, Esq.<br>Assistant Corporation Counsel<br>Office of Corporation Counsel / NYC Law Department<br>100 Church Street, Room 5-199<br>New York  NY  10007<br>Telephone: 212-788-1172<br>Email:  jowolf@law.nyc.gov |
| Marshal Jeffrey S. Rose | Thomas C. Lambert, Esq.<br>Lambert and Shackman PLLC<br>274 Madison Avenue<br>New York  NY  10016-0701<br>Telephone:  212-370-4040<br>Email: Tlambert@lambertandshackman.com |
| New York City Police Department | Joshua Wolf, Esq.<br>Assistant Corporation Counsel<br>Office of Corporation Counsel / NYC Law Department<br>100 Church Street, Room 5-199<br>New York  NY  10007<br>Telephone: 212-788-1172<br>Email:  jowolf@law.nyc.gov |
| United States Trustee | Tracy Hope Davis, Esq.<br>United States Trustee / Southern District of NY<br>33 Whitehall Street, #21<br>New York  NY  10004<br>Telephone:  212-510-0500 |

Dated: June 11, 2011

Signed: _____

Appellant Pro Se: _____William C. Bace_____

Address: _____31 East 30th Street, Apartment A_____

_____New York  NY  10016_____

Telephone No: _____917-388-2278_____

Email: _____nyce30@gmail.com_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of July, 2011 a copy of the foregoing NOTICE OF APPEAL was mailed via first class mail, enclosed and properly sealed in a postpaid envelope, which I deposited in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York addressed to said individuals as set forth below:

Heike Vogel, Esq.
Arent Fox LLP
1675 Broadway
New York  NY  10019

Joshua Wolf, Esq.
Assistant Corporation Counsel
Office of Corporation Counsel
NYC Law Department
100 Church Street, Room 5-199
New York  NY  10007

Thomas C. Lambert, Esq.
Lambert and Shackman PLLC
274 Madison Avenue
New York  NY  10016-0701

Tracy Hope Davis, Esq.
United States Trustee / Southern District of NY
33 Whitehall Street, #21
New York  NY  10004

Dated:  New York
        July 11, 2011

William C. Bace, Appellant pro se

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:                                              :
                                                    :
WILLIAM CHARLES BACE,                               :          Chapter 7
                                                    :
                              Debtor.               :          Case No. 05-42446 (RDD)
                                                    :
                                                    :
---------------------------------------------------------x

**ORDER DENYING IN PART AND APPROVING IN PART
DEBTOR'S MOTION FOR THE BANKRUPTCY COURT TO HOLD
NEW YORK CITY MARSHAL JEFFREY S. ROSE, NEW YORK CITY
DEPARTMENT OF FINANCE AND NEW YORK CITY POLICE DEPARTMENT
IN CONTEMPT OF COURT FOR VIOLATION OF THE AUTOMATIC STAY AND
DISCHARGE INJUNCTION AND A DETERMINATION AND ASSESSMENT OF
APPROPRIATE SANCTIONS, TO DETERMINE THE CLAIMS OF DEPARTMENT OF
FINANCE FOR PARKING FINES WHICH PREDATE MARCH 9, 2006 TO BE
DISCHARGED AND/OR TO PERMIT DEBTOR TO AVOID ALL LIENS WHICH
IMPAIR HIS EXEMPTIONS, AND TO AWARD DEBTOR COMPENSATION FOR
DAMAGES SUFFERED AS WELL AS OTHER APPROPRIATE RELIEF**

Upon consideration of the Debtor's Motion for the Bankruptcy Court to Hold New York

City Marshal Jeffrey S. Rose ("Marshal Rose"), New York City Department of Finance (the

"DOF") and New York City Police Department (the "NYPD"; together with the DOF, the

"City") in Contempt of Court for Violation of the Automatic Stay and Discharge Injunction and

a Determination and Assessment of Appropriate Sanctions, to Determine the Claims of

Department of Finance for Parking Fines Which Predate March 9, 2006 to be Discharged and/or

to Permit Debtor to Avoid All Liens Which Impair His Exemptions, and to Award Debtor

Compensation for Damages Suffered As Well As Other Appropriate Relief (the "Motion[1]"),

originally filed September 28, 2010; and adequate notice of the Motion having been given; and it

appearing that no other notice need be given; and after hearings held on November 23, 2010 and

June 6, 2011, and due deliberation and sufficient cause appearing therefore, it is hereby

---

[1]       Unless otherwise stated, capitalized terms not otherwise defined herein shall have the meaning ascribed to
          them in the Motion.

NYC/587894.4

**ORDERED**, that the Debtor's pre-petition parking ticket indebtedness is non-dischargeable under section 523(a)(7) of the Bankruptcy Code, therefore the alleged violation of the discharge injunction by the City and Marshal Rose is not a live issue, and the Motion is denied in part, to the extent that the Debtor sought a declaration that the City and Marshal Rose were in violation of the discharge injunction; and it is further

**ORDERED**, that subject to the Debtor's rights under applicable non-bankruptcy law, including New York Debtor Creditor Law 282(1), the Debtor does not have a right to rely on any provision of the Bankruptcy Code to reduce the debt that is subject to the lien on the 1997 Subaru or otherwise seek damages against Marshal Rose or the City for impounding the 1997 Subaru and continuing in possession of it; and it is further

**ORDERED**, that the Motion is denied in part, to the extent that it seeks relief with respect to the impounding and detention of the Debtor's 1997 Subaru on the alternative ground that such actions impair the Debtor's exemption in the 1997 Subaru, because assuming, arguendo, that the Debtor had claimed an exemption in the 1997 Subaru, such exemption would be invalid under the Bankruptcy Code since exemptions can only be claimed in property of the estate as specified in section 522(b)(1) expressly (*see, In re Hill*, 95 B.R. 293, 297 (Bankr. N.D.N.Y. 1988); *see also, In re Floyd*, 423 B.R. 579 (Bankr. N.D. Ga. 2009); 4 Collier on Bankruptcy ¶ 522.051), and the 1997 Subaru is neither property of the estate nor was it purchased with proceeds of estate property, but rather was acquired post-petition; moreover, any exemption in the 1997 Subaru would provide a double recovery, as the Debtor is also receiving a monetary award free and clear with respect to his exemption in the 1992 Subaru; this determination is unaffected by the conversion of this case in March of 2006; and it is further

ORDERED, that the City's actions leading to and concluding with the sale of the 1992 Subaru—specifically, that the 1992 Subaru was repeatedly impounded based on an effort to collect prepetition parking tickets and was subsequently sold at auction—constituted a willful violation of the automatic stay for which the Debtor may recover actual damages under section 362(k); and it is further

ORDERED, that the Debtor may recover punitive damages against the City, since the City waived its sovereign immunity under section 106(b) by filing a proof of claim arising out of the same transaction or occurrence underlying the Debtor's Motion—the parking violations and the City's enforcement thereof; and it is further

ORDERED, that for the willful violation of the automatic stay, the Debtor is awarded $65.00 in expenses, $750.00 in compensatory damages for the value of the 1992 Subaru, and $250.00 in punitive damages, for a total award of $1,065.00 which should be treated as free and clear to the Debtor; and it is further

ORDERED, that the Debtor is not awarded actual damages for pain and suffering; and it is further

ORDERED, that Marshal Rose and the City are both liable for the awarded expenses and compensatory damages, however only the City is liable for the punitive damages because Marshal Rose did not waive sovereign immunity; and it is further

ORDERED, that the City, by its agreement with Marshal Rose, will bear the full expense of the awarded damages.

Dated: _____, 2011
            White Plains, New York

                                        _____
                                        Hon. Robert D. Drain
                                        United States Bankruptcy Judge

# EXHIBIT C

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re WILLIAM C. BACE                          Case No.: 05-42446

                                                Chapter 7

### N O T I C E   O F   A P P E A L

BILL BACE, Debtor pro se, appeals under 28 U.S.C. §158(a) from the Order of the Honorable Robert D. Drain dated June 28, 2011 entitled "ORDER DENYING THE DEBTOR'S MOTION TO RECONSIDER," entered on the docket by the Clerk of the Bankruptcy Court on the 28th day of June, 2011.

The names of all parties to the said Order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

| PARTY | ATTORNEY |
|-------|----------|
| William C. Bace, Debtor pro se | William C. Bace pro se<br>31 East 30th Street, Apartment A<br>New York  NY  10016<br>Telephone: 917-388-2278<br>Email: nyce30@gmail.com |
| Roy Babitt, Chapter 7 Trustee | Heike Vogel, Esq.<br>Arent Fox LLP<br>1675 Broadway<br>New York  NY  10019<br>Telephone: 212-484-3900 (direct:492-3304)<br>Email:  vogel.heike@arentfox.com |
| The City of New York<br>Department of Finance | Joshua Wolf, Esq.<br>Assistant Corporation Counsel<br>Office of Corporation Counsel / NYC Law Department<br>100 Church Street, Room 5-199<br>New York  NY  10007<br>Telephone: 212-788-1172<br>Email:  jowolf@law.nyc.gov |

| PARTY | ATTORNEY (con't) |
|---|---|
| NYC Marshal Jeffrey S. Rose | Thomas C. Lambert, Esq.<br>Lambert and Shackman PLLC<br>274 Madison Avenue<br>New York  NY  10016-0701<br>Telephone:  212-370-4040<br>Email: Tlambert@lambertandshackman.com |
| New York City Police Department | Joshua Wolf, Esq.<br>Assistant Corporation Counsel<br>Office of Corporation Counsel / NYC Law Department<br>100 Church Street, Room 5-199<br>New York  NY  10007<br>Telephone: 212-788-1172<br>Email:  jowolf@law.nyc.gov |
| United States Trustee | Tracy Hope Davis, Esq.<br>United States Trustee / Southern District of NY<br>33 Whitehall Street, #21<br>New York  NY  10004<br>Telephone:  212-510-0500 |

Dated: June 11, 2011

Signed: _____

Debtor Pro Se:_____William C. Bace_____

Address: _____ 31 East 30th Street, Apartment A_____

_____ New York  NY  10016_____

Telephone No: _____917-388-2278_____

Email: _____nyce30@gmail.com_____

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 11th day of July, 2011 a copy of the foregoing
NOTICE OF APPEAL was mailed via first class mail, enclosed and properly sealed in a postpaid
envelope, which I deposited in an official depository under the exclusive care and custody of the
United States Postal Services within the State of New York addressed to said individuals as set
forth below:

Heike Vogel, Esq.
Arent Fox LLP
1675 Broadway
New York  NY  10019

Thomas C. Lambert, Esq.
Lambert and Shackman PLLC
274 Madison Avenue
New York  NY  10016-0701

Joshua Wolf, Esq.
Assistant Corporation Counsel
Office of Corporation Counsel
NYC Law Department
100 Church Street, Room 5-199
New York  NY  10007

Tracy Hope Davis, Esq.
United States Trustee
Southern District of NY
33 Whitehall Street, #21
New York  NY  10004

Dated:  New York
    July 11, 2011

_____
William C. Bace, Appellant pro se

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                                     :
In re:                                               :
                                                     :          Chapter 7
                                                     :
           WILLIAM CHARLES BACE,                     :          Case No. 05-42446 (RDD)
                                                     :
                        Debtor.                      :
-----------------------------------------------------X

### ORDER DENYING THE DEBTOR'S MOTION TO RECONSIDER

Upon the motion, filed June 13, 2011 (the "Motion") of the above-captioned debtor,

William Charles Bace (the "Debtor"), pursuant to Federal Rule of Civil Procedure 59,

incorporated in Federal Rule of Bankruptcy Procedure 9023, and Local Bankruptcy Rule 9023-1,

to reconsider the Court's June 6, 2011 bench decision and subsequent order, dated June 28, 2011

(the "Order"), finding the New York City Department of Finance, the New York City Police

Department, and, to the extent acting as an agent for the New York City Department of Finance,

Marshal Jeffrey Rose (collectively, the "City") in violation of the automatic stay under 11 U.S.C.

§ 362(a), and awarding damages to the Debtor in the amount of $1,065.00; and the Court having

considered the pleadings in this matter, the record of the June 6, 2011 hearing, and the applicable

case law; and, upon due deliberation, the Court hereby finds and concludes as follows:

The Motion seeks relief from the Order under Bankruptcy Rule 9023 and Local Rule

9023-1 to permit the Debtor to submit additional testimony as to alleged intangible damages, or

pain and suffering damages, of the Debtor resulting from the City's violation of the automatic

stay.

On a motion under Bankruptcy Rule 9023, the movant must show that the Court

overlooked controlling decisions or factual matters that might materially have influenced the

earlier decision or, alternatively, the need to correct a clear error or prevent manifest injustice. *In re Lyondell Chemical Co.*, 2009 Bankr. LEXIS 724, at *2 (S.D.N.Y. Apr. 10, 2009); *In re Coudert Bros. LLP*, 2009 WL 2928911, at *2 (Bankr. S.D.N.Y. Sept. 8, 2009); *In re Vargas Realty Enter. Inc.*, 2009 WL 292958, at *3 (Bankr. S.D.N.Y. Jul. 23, 2009). "The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the Court has already fully considered. In addition, parties cannot advance new facts or arguments because a motion for reargument is not a mechanism for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *In re Vargas Realty Enter.*, 2009 WL 292958, at *3 (internal citations and quotation omitted). *See also In re Adelphia Bus. Solutions, Inc.*, 2002 WL 31557665, at *1 (Bankr. S.D.N.Y. Oct. 15, 2002); 12 Moore's Federal Practice ¶ 59.30[6] (3d ed. 2010), at 59-115-16 ("Further, a motion to alter or amend generally may not be used to raise arguments, or to present evidence, that could reasonably have been raised or presented before the entry of judgment.").

In light of the foregoing principles governing Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 9023, the Motion fails to present a cognizable basis under Rule 9023 to reconsider the Order. First, the Court considered all of the Debtor's written submissions, none of which attempted to quantify any intangible damages, before issuing its ruling. Second, the Debtor, although *pro se*, has extensive experience in federal court; the hearing record is clear that the Court gave the parties, including the Debtor, a full and fair opportunity to submit additional evidence at the evidentiary hearing on June 6, 2011. Thus, the Debtor's failure to present evidence of quantifiable intangible, or pain and suffering, damages before the issuing of the Court's bench ruling is not a basis upon which the Motion can be granted. Finally, the Court fully considered the Debtor's possible damages in awarding punitive, as well as compensatory, damages. It is, therefore,

ORDERED, that the Debtor's Motion is denied.

Dated: White Plains, New York
       June 28, 2011

                                        /s/ Robert D. Drain
                                        United States Bankruptcy Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISCRICT OF NEW YORK
_____X

In re: WILLIAM C. BACE                                    **AFFIDAVIT OF SERVICE**

     Appellant                                    11 - CV -_6065_ (2011)

_____X

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK

COUNTY OF NEW YORK

    William C. Bace, Appellant *pro se*, being duly sworn under the penalties of perjury,

deposes and says:

    1. I am over 18 years of age and I am the Appellant in this action.

    2. On *SEPTEMBER 2, 2011*, I served upon the below listed persons, a true copy of the Notice

of Motion for Consolidation, and Affidavit and Memorandum of Law, via first class mail,

enclosed and properly sealed in a postpaid envelope, which I deposited in an official depository

under the exclusive care and custody of the United States Postal Services within the State of New

York at the addresses set forth on the following page:

Dated: August 13, 2011

                                   *Bill Bace*
_____
William C. Bace   Appellant pro se
31 East 30th Street, Apt. A
New York  NY  10016
Tel: 917-388-2278
Email: nyce30@gmail.com

Subscribed and Sworn to before me
this 13th day of August, 2011

_____
Notary Public
My Commission Expires: 5·7·14

KARIM O THOMAS
Notary Public - State of New York
NO. 01TH6136317
Qualified in New York County
My Commission Expires 5·7·14

TO BE SERVED UPON:


Heike Vogel, Esq.
Arent Fox LLP
1675 Broadway
New York  NY  10019


Joshua Wolf, Esq.
Assistant Corporation Counsel
Office of Corporation Counsel
NYC Law Department
100 Church Street, Room 5-199
New York  NY  10007


Thomas C. Lambert, Esq.
Lambert and Shackman PLLC
274 Madison Avenue
New York  NY  10016-0701


Tracy Hope Davis, Esq.
United States Trustee for the Southern
     District of NY
33 Whitehall Street,, #21
New York  NY  10004