Andrew I. Silfen
Heike M. Vogel
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for Roy Babitt, Chapter 7 Trustee

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re WILLIAM CHARLES BACE          :

-------------------------------------------------------X

WILLIAM CHARLES BACE,               :    11 Civ. 6065 (PAC) (HBP)

                      Appellant.     :

– against –                         :
                                             Related to:
TRUSTEE ROY BABITT, et al.,         :    Chapter 7 Case No. 05-19458 (RDD)

                      Appellees.     :

-------------------------------------------------------X

**MOTION BY ROY BABITT, CHAPTER 7 TRUSTEE,
FOR AN ORDER DISMISSING THE APPEAL OF
WILLIAM CHARLES BACE AGAINST THE CHAPTER 7
TRUSTEE BASED ON THE FAILURE TO ALLEGE A CLAIM
OR CONTROVERSY AGAINST THE CHAPTER 7 TRUSTEE
<u>AND MEMORANDUM OF LAW IN SUPPORT OF MOTION</u>**

TO:    THE HONORABLE PAUL A. CROTTY,
           UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

Roy Babitt, in his capacity as the Chapter 7 Trustee (the "Trustee"), duly appointed by the United States Trustee in the Appellant's Chapter 7 bankruptcy case, by and through his counsel Arent Fox LLP, hereby submits this Motion For an Order Dismissing the Pending Appeal of William Charles Bace ("Mr. Bace" or the "Appellant") against the Trustee based on

the lack of "case or controversy" as required by Article III of the United States Constitution and Memorandum of Law in Support of Motion (the "Motion").

In support of the Motion, the Trustee respectfully submits the following:

## PRELIMINARY STATEMENT

1.  In this current Appeal, the Chapter 7 Debtor (the "Debtor") or William Bace is appealing the Bankruptcy Court's Order Denying in Part and Granting in Part Debtor's Motion for an Order (a) Holding the New York City Department of Finance, New York City Marshal Jeffrey S. Rose and the New York City Police Department in Contempt of Court for the Violation of the Automatic Stay and Discharge Injunction and Determining and Assessing Appropriate Sanctions, and (b) Determining the Claims of the Department of Finance for Prepetition Parking Fines to Be Discharged and/or Permitting the Debtor to Avoid Liens which Impair his Claimed Exemptions (the "Order").  The relief sought by Mr. Bace in the Underlying Motion (defined below), and then partly denied and partly granted in the Order, does not implicate nor is it directed in any way against the Trustee.

2.  Indeed, the Trustee did not take a position in nor did he file responsive papers to the Underlying Motion as no actual claim was even asserted against him.  The Trustee's name appears in the caption, but nothing is sought of him.  As indicated by Mr. Bace in his Appeal Brief, referring on page thirty-two of his Underlying Motion, Mr. Bace merely complains that the Trustee, a former Chief Judge of the U.S. Bankruptcy Court for the Southern District of New York, allegedly failed to fulfill his purported duty to protect the debtor's exemptions.  Having no duty to defend a debtor in illegally parking his exempt automobile and no actual claims relating thereto or to the Order having been brought against the Trustee, the Appeal against the Trustee fails to meet the threshold command of Article III of the Constitution, requiring an actual

justiciable case or controversy in order to invoke the jurisdiction of this Court.  *See U.S.C.A. Const. Art*. 3, § 2, cl.

3.   The cases construing this constitutional command are legion and need not be catalogued here but a citation to *Ashwander v. TVA*, would not be remiss, 297 U.S. 288 (1936) at 324.  This Motion does, however, update this Circuit's long held perceptions in ¶¶ 25 and 26, at p. 8 *infra*.

4.   Accordingly, as there is neither a claim against the Trustee nor a controversy between the Trustee and Mr. Bace in this Appeal, the Trustee hereby requests that he be dismissed with prejudice from the Appeal.

## BACKGROUND

5.   On October 16, 2005 (the "Petition Date") Mr. Bace filed a voluntary petition (the "Petition") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") [Docket No. 1][1].

6.   Along with his Petition, Mr. Bace filed the required schedules, listing the sum total of his real and personal property and claimed exemptions.  On Schedule B ("Personal Property"), Mr. Bace listed, among other items, a 1992 Subaru with a market value of $1,000.  On Schedule C ("Property Claimed as Exempt"), Mr. Bace listed the same 1992 Subaru but erroneously indicated federal, rather than New York State, as the statutory bases for his claimed exemptions.

7.   On March 9, 2006, Mr. Bace's Chapter 13 case was converted to one under Chapter 7 of the Bankruptcy Code by Order of the Bankruptcy Court. [Docket No. 13].

---

[1] "Docket No." references entries filed on the Bankruptcy Court docket in Chapter 7 Case No. 05-42446 (RDD).

NYC/642905.1

3

8.      On March 13, 2006, the Trustee was duly appointed by the United States Trustee. [Docket No. 18].

9.      On May 2, 2006, Mr. Bace filed an amended Schedule C to comport with New York's status as an 'opt-out' state under the Code.[2]  Amended Schedule C does not list the 1992 Subaru or any other vehicle, but since it merely *amended* Schedule C and did not replace the originally-filed Schedule C, the 1992 Subaru is still considered one of the debtor's exemptions. Moreover, Schedule B continued to list the 1992 Subaru as Mr. Bace's personal property.

10.     Section 522 of the Bankruptcy Code specifically states that the debtor is entitled to exempt his interest in one motor vehicle, not to exceed $3,450 in value. *See* 11 U.S.C. § 522 (2)(d)(2).  As Mr. Bace's 1992 Subaru was valued only at $1,000, the Trustee asserted no interest in this motor vehicle in accordance with Section 522 of the Bankruptcy Code.

11.     According to the pleadings filed by the Department of Finance of the City of New York, Mr. Bace continuously parked his 1992 Subaru illegally, resulting in parking fines and penalties issued against him for approximately $1,852.26.  Ultimately, Mr. Baces' continuous parking violations resulted in the towing and impounding of the 1992 Subaru by the New York City of Police on several occasions.

12.     Meanwhile, Mr. Bace, a former attorney, engaged in extensive motion practice in response to the Trustee's attempts to liquidate Mr. Bace's bankruptcy estate.

13.     On September 23, 2008, after multiple motions, objections, hearings and approximately twenty (20) appeals filed by Mr. Bace and it becoming nearly impossible for the Trustee to administer the bankruptcy estate, the Trustee entered into a stipulation (the

---

[2] Code Section 522(b)(2).  New York opted out in 1978.  *See* Senate Report No. 95-989, 95th Cong., 2d Sess. 75 (1978).

"Stipulation") with Mr. Bace whereby it was stipulated and SO ORDERED on October 22, 2008 ("Docket No. 225) that, *inter alia*, "neither the Debtor, nor any person on the Debtor's behalf, shall file any further motion, complaint, objection or appeal, either before this Court or any other court, pertaining to the Debtor's bankruptcy case…"

14. On July 9, 2009, Mr. Bace filed a Verified Motion to Permit the Debtor's Amendment to Schedule C Personal Exemptions, To Permit the Debtor to File a Motion for Damages for Repeated Willful Violations of the Automatic Stay of 11 U.S.C. § 362(a) Pursuant to § 362(h), To Seek the Judicial Determination of the Dischargeability of the Unsecured Claim of the Violations Hearing Board, To Permit Debtor to File a Motion for Damages for the Repeated and Willful Violation of the Discharge Injunction under 11 U.S.C. § 524 and Other Relief (the "Verified Motion") [Docket No. 253]. The Verified Motion contained, *inter alia*, allegations and claims of willful violations of the automatic stay against the Parking Violations Bureau, a division of the New York City Department of Finance (the "Violation Claims").

15. On October 26, 2009, the Department of Finance of the City of New York filed a response in Opposition to the Debtor's Verified Motion (the "DOF Opposition") [Docket No. 262].

16. In a letter, dated October 29, 2009, the Trustee, by and through his attorneys, informed the Bankruptcy Court that he would not be taking a position during the hearing scheduled on October 30, 2009, with regard to the Violation Claims against the New York City Department of Finance (the "DOF"). [Docket No. 264].

17. On June 23, 2010, the Bankruptcy Court entered another "So Ordered" stipulation between the Trustee and Mr. Bace, whereby it was once again repeated, stipulated and ordered that, *inter alia*, "Mr. Bace agrees not to file any further pleading or request any further relief

from the Bankruptcy Court or any other court, other than as defined in (2)(a) [objection to the fees of Arent Fox and the Statutory Commission of the Trustee] and (b) [Mr. Bace's litigation with the City of New York/DOF]. [Docket No. 277]

18. On September 9, 2010, Mr. Bace filed a Motion seeking to hold New York City, Marshal Jeffrey S. Rose, New York City Department of Finance and New York City Police Department in Contempt of Court for Violation of the Automatic Stay and Discharge Injunction and a Determination and Assessment of Appropriate Sanctions, to Determine the Claims of Department of Finance for Parking Fines which Predate March 9, 2009 to be Discharged and/or to Permit Debtor to Avoid all Liens which Impair his Exemptions, and to Award Debtor Compensation for Damages Suffered as Well as Other Appropriate Relief (the "Under lying Motion") [Docket No. 282].

19. On page 32 of the Underlying Motion, Mr. Bace wonders: "What about the chapter 7 trustee, one might ask?  As there's no obvious payday for a chapter 7 trustee in this dispute, why would a trustee voluntarily get involved"? *See* Underlying Motion, p. 32.  In addition to these insulting remarks, Mr. Bace seems to imply on page 32 of the Underlying Motion that the Trustee somehow failed to perform his duty by not defending Mr. Bace in his actions against the New York City Police Department and the DOF.  It is not the duty of a Trustee to support or defend a debtor in his continuous illegal parking violations.  Aside from Mr. Bace's baseless allegation, the Underlying Motion simply does not contain any claim, let alone a colorable one, against the Trustee.  The Trustee does not dignify Mr. Bace's remarks and allegations with a response.

20. On June 28, 2011, after notice, hearing and due deliberation, the Bankruptcy Court entered the Order Denying in Part and Granting in Part the Underlying Motion. [Docket No. 299].

21. Specifically, the Order provides in pertinent part "that the Debtor's prepetition indebtedness to the DOF is nondischargeable under section 523(a)(7)…; that the Debtor's 1997 [as opposed to the 1992] Subaru is not and could not be subject to an exemption under section 522 of the Bankruptcy Code…; that the City's actions leading to and concluding with its sale of the 1992 Subaru … constituted a willful violation of the automatic stay for which the Debtor may recover actual damages under section 362(k)(1) of the Bankruptcy Code against the City and against Marshal Rose as an agent of the City; that the evidence of the City's repeated willful breaches of the automatic stay further supports the Debtor's recovery of punitive damages against the City under section 362(k)(1)…; that for the City's willful violation of the automatic stay, the Debtor is awarded (1) actual damages against the City … of $65 in out-of-pocket expenses and $750 for the value of the auctioned 1992 Subaru, and (2) punitive damages against only the City of $250, for a total award of $1,065.00, which amount shall be treated as free and clear to the Debtor…"

22. On July 11, 2011, Mr. Bace filed a Notice of Appeal, thus seeking review of the Order and the relief ordered therein.

23. The Order does not contain any relief against the Trustee.

**RELIEF REQUESTED**

24.     By this Motion, the Trustee respectfully requests the entry of an order dismissing the Appeal against him under Article III, Section 2, Clause 1 of the United States Constitution, which requires the existence of a justiciable claim or controversy in order to invoke the jurisdiction of this Court.  As set forth above and further supported by the Order and Underlying Motion, in this Appeal, there is no claim against the Trustee and no controversy between the Trustee and Mr. Bace.

25.     As more specifically explained by the Second Circuit Court of Appeals in *Jenkins v. United States of America*, "[t]o establish Article III standing, a plaintiff must therefore allege, and ultimately prove, that he has suffered an injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is likely to be redressed by the requested relief." *See Jenkins v. United States of America*, 386 F.3d 415, 417 (2d Cir. 2004) citing *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

26.     The Appeal does not allege that Mr. Bace, the Debtor, suffered any injury-in-fact caused by the Trustee, and the relief requested, if granted, only affects the New York City Department of Finance, the New York City Police Department and Marshal Rose.  *See Aguilar v. Immigration & Customs Enforcement Division*, 2011 WL 3273160, *18 (S.D.N.Y. 2011) (Plaintiffs must demonstrate that they have a personal stake in the outcome, abstract injury is not enough) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)) (internal citations omitted). Similarly, the remarks by Mr. Bace in the Underlying Motion aimed at the Trustee do not constitute an actual claim, but are merely naked allegations which did not warrant a response.

As the Trustee was not required to take a position and indeed, did not take one, against the Underlying Motion, there currently is no controversy between the Trustee and the Appellant.

27. Accordingly, as there is no case against the Trustee nor a controversy between the Trustee and the Appellant, the Appeal against the Trustee must therefore be dismissed with prejudice.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests the entry of an order dismissing him with prejudice from Mr. Bace's Appeal currently pending before this Court for failure to meet the threshold requirement of "case or controversy" imposed by Article III of the United States Constitution.

Dated: New York, New York
January 19, 2012

>ARENT FOX LLP
>Attorneys for Roy Babitt, Chapter 7 Trustee
>
>By: */s/ Heike M. Vogel*
>Andrew I. Silfen
>Heike M. Vogel
>1675 Broadway
>New York, New York 10019
>(212) 484-3900