UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
In re WILLIAM CHARLES BACE,  :
                             :
            Appellant,       :
                             :
    - against -              :    11 Civ. 6065 (PAC) (HBP)
                             :
TRUSTEE ROY BABITT, et al.,  :    ORDER ADOPTING R&R
                             :
            Appellees.       :
------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 3, 2012

HONORABLE PAUL A. CROTTY, United States District Judge:

On August 3, 2011, pro se appellant William Charles Bace ("Appellant") filed an amended appeal from two orders entered by the Honorable Robert D. Drain, United States Bankruptcy Judge, dated June 28, 2011, in In re William Charles Bace, Case No. 05-42446. Appellees, the City of New York Department of Finance ("DOF") and the New York City Police Department ("NYPD") (collectively, the "City"), oppose the appeal; and New York City Marshal Jeffrey S. Rose adopts the City's arguments. Additionally, appellee Roy Babitt, Esq., in his capacity as Chapter 7 Trustee ("Trustee"), moves to dismiss the appeal as against him.

On May 10, 2012, Magistrate Judge Henry B. Pitman issued a Report and Recommendation ("R&R"), recommending that the Court affirm the Bankruptcy Court's orders and grant the Trustee's motion to dismiss. Neither party has filed objections to the R&R.

For the reasons that follow, the Court adopts Magistrate Judge Pitman's R&R in its entirety. The Bankruptcy Court's orders are therefore AFFIRMED and the Trustee's motion to dismiss is GRANTED.

1

**I.        Bankruptcy Proceedings[1]**

On October 16, 2005, Appellant filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On Schedule C of his petition, entitled "Property Claimed as Exempt," Appellant reported a 1992 Subaru with an alleged market value of $1,000. On Schedule F, entitled "Creditors Holding Unsecured Nonpriority Claims," Appellant listed a claim for "fines" owed to "NYC Parking Fines P.O. Box 3670 NY NY 10008," in the amount of $2,228.00.

On March 9, 2006, the Bankruptcy Court converted Appellant's Chapter 13 case to a Chapter 7 case, and appointed the Trustee. On May 31, 2006, the DOF filed a proof of claim against Appellant for $3,800.98 in unpaid parking fines, including penalties and interest. On November 7, 2008, the DOF amended its claim to reflect updated penalties and interest for a total of $4,123.46 in unpaid fines. On May 7, 2009, Appellant was granted a discharge from most of his debts, pursuant to 11 U.S.C. § 727; but was notified that not all debts were dischargeable, including "[d]ebts for most fines [and] penalties," pursuant to 11 U.S.C. § 523.

On July 9, 2009, Appellant moved for an order declaring the DOF in contempt of court (the "First Motion"), arguing that by wrongfully seizing, impounding, and, ultimately, selling his 1992 Subaru to satisfy his pre-petition parking fines, the DOF willfully violated the automatic stay imposed pursuant to 11 U.S.C. § 362. Appellant also claimed that the DOF willfully violated the discharge injunction, entered pursuant to 11 U.S.C. § 524, by wrongfully seizing and impounding his 1997 Subaru—a replacement car for his 1992 Subaru that had been sold—in order to satisfy the balance of the aforementioned debts.

On or about September 24, 2010, Appellant re-filed his First Motion, in which he added a claim for compensatory and punitive damages and included evidence showing that his 1992

---
[1] The facts are taken from the R&R.

Subaru had been sold at a NYPD auction for $475.00. On November 23, 2010 and June 6, 2011, Judge Drain held hearings in connection with the First Motion.

Following the June 6, 2011 hearing, Appellant filed a motion to re-open the hearing on damages (the "Second Motion"), arguing that he did not have "an opportunity [during the hearing] to discuss in detail . . . [his] intangible damages . . . including, but not limited to, pain and suffering, emotional distress, loss of use of automobile, inconvenience, etc."

On June 28, 2011, the Bankruptcy Court issued two written orders, which are the subject of this appeal. In its first order, addressing Appellant's First Motion, the Bankruptcy Court held that: (1) the City's actions with respect to Appellant's 1992 Subaru constituted a willful violation of the automatic stay and, thus, Appellant was entitled to receive compensatory damages against the City and City Marshal Rose in the amount of $815—$750 for the auctioned 1992 Subaru, and $65 for out-of-pocket expenses; (2) Appellant was entitled to $250 in punitive damages against the City; (3) Appellant's debts to the DOF were non-dischargeable under Section 523(a)(7) and, thus, the City and City Marshal Rose did not violate the discharge injunction entered in Appellant's case; and (4) Appellant's 1997 Subaru was not subject to an exemption under Section 522 because it was neither property of the estate, under Section 541(a), nor was it purchased with proceeds of estate property.

In its second order, the Bankruptcy Court denied Appellant's Second Motion to present additional testimony on the issue of "intangible damages" because: (1) it had considered all of Appellant's written submissions, none of which identified the "intangible damages" being sought; (2) Appellant had been given a full and fair opportunity to submit additional evidence at the evidentiary hearing on June 6, 2011; and (3) it had fully considered Appellant's possible damages in awarding him compensatory and punitive damages.

## II. Magistrate Judge Pitman's Report and Recommendation

Appellant raised four arguments in his brief, including that the Bankruptcy Court: (1) improperly held that Appellant's unpaid parking fines, penalties, and interest were non-dischargeable debts under 11 U.S.C § 532; (2) erred in determining Appellant's compensatory and punitive damage awards; (3) improperly denied Appellant's motion to re-open the hearing on damages; and (4) improperly denied Appellant's request for the Trustee's assistance with his claims of exception and lien avoidance.[2]  Magistrate Judge Pitman found each argument to be without merit, and recommended that the Court affirm the Bankruptcy Court's orders in their entirety.

### A. Dischargeability of Unpaid Parking Fines, Penalties, and Interest

Under 11 U.S.C. § 523(a)(7), "[a] discharge under section 727 . . . does not discharge an individual debtor from any debt -- . . . to the extent such debt is for a fine, penalty, forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss."  Courts have routinely found parking fines to be non-dischargeable debts under Section 523(a)(7).  See, e.g., In re Meltzer, 11 B.R. 624, 625 (Bankr. E.D.N.Y. 1981).  Accordingly, Magistrate Judge Pitman recommended that the Court affirm the Bankruptcy Court's finding that Appellant's unpaid parking fines, penalties, and interest to the DOF were non-dischargeable debts.  (R&R 14.)

---

[2]  Though Appellant raised eleven issues in his Amended Notice of Appeal dated August 3, 2011, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."  Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.1998).

B.  Assessment of Appellant's Compensatory and Punitive Damages

The Bankruptcy Court held that since the City willfully violated the Bankruptcy Court's automatic stay, the Appellant was entitled to actual damages, under Section 362 (k).[3] See In re Parry, 328 B.R. 655, 659 (Bankr. E.D.N.Y. 2005) (holding that an award of actual damages is "intended to compensate a debtor for damages sustained as a result of a willful violation of the automatic stay."). Appellant, as the party seeking the damages award, "ha[d] the burden of proving what damages were incurred and what relief is appropriate." In re Sucre, 226 B.R. 340, 349 (Bankr. S.D.N.Y. 1998).

Appellant introduced evidence that the Kelly Blue Book value of his 1992 Subaru was $1000, and the City introduce evidence that the vehicle was sold at an auction for $475. The Bankruptcy Court held a hearing on the issue of damages, "str[uck] a balance between the competing proposed values," and determined that the value of the 1992 Subaru was $750. (R&R 19.)[4]

"A bankruptcy court's decision regarding the amount of damages is a factual finding and will not be disturbed unless the finding is clearly erroneous." Ball v. A.O. Smith Corp., 321 B.R. 100, 110 (N.D.N.Y. 2005), aff'd, 451 F.3d 66 (2006). Magistrate Judge Pitman determined that it was reasonable for the Bankruptcy Court to assign a value to the car that was slightly more than halfway between the parties' respective positions. (R&R 19.) Since the Bankruptcy Court's valuation of the 1992 Subaru was not clearly erroneous, Magistrate Judge Pitman recommended that the Court affirm the compensatory damages award. (Id.)

---

[3] There is no substantive difference between Section 362 (h) and Section 362(k) for purposes of this appeal. Thus, Magistrate Judge Pitman cited case law discussing both Section 362(k) and Section 362(h). (R&R 17 n.2.)

[4] The Bankruptcy Court also issued an award of $65 for out-of-pocket expenses. (R&R 26.)

The Bankruptcy Court also awarded Appellant $250 in punitive damages.  Bankruptcy courts have "considerable discretion in granting or denying punitive damages."  In re Stinson, 128 F. App'x 30, 32 (9th Cir. 2005).  Magistrate Judge Pitman determined that the Bankruptcy Court, in issuing this punitive damages award, considered the nature of the City's conduct in repeatedly impounding and ultimately selling Appellant's car, the City's motives, and the impact of the City's conduct on Appellant.  (R&R 22-23.)  "In New York, bankruptcy courts often assess awards of punitive damages that are reasonably proportionate to the actual damages."  In re Westridge, No. 07-35257, 2009 WL 3491164, at *4 (Bankr. S.D.N.Y. Oct. 23, 2009).  Magistrate Judge Pitman determined that an award of $250 was reasonably proportionate to the compensatory damages award of $815.  (R&R 26.)[5]

With respect to damages for mental anguish, "every willful violation of the automatic stay will not entitle the debtor to damages for emotional distress."  In Re: Burkart d/b/a Burkart Auto., 08-61077, 2010 WL 502945, *5 (Bankr. N.D.N.Y. Feb. 9, 2010).  A claim is sustainable only upon a showing of "clear evidence to establish that significant harm occurred as a result of the violation . . . ."  Dawson v. Washington Mut. Bank, F.A. (In re Dawson), 390 F.3d 1139, 1148 (9th Cir. 2004).  Furthermore, "emotional distress must be more than 'fleeting, inconsequential and medically insignificant' to be compensable."  In re Griffin, 415 B.R. 64, 68 (Bankr. N.D.N.Y. 2009) (quoting Aiello v. Providian Financial Corp., 257 B.R. 245, 250-51 (N.D.Ill.2000)).  Magistrate Judge Pitman determined that Appellant was not entitled to recover for mental anguish because he had not presented any evidence of such damages during the June 6, 2011 hearing.  (R&R 24-25)  If, however, the Bankruptcy Court had considered Appellant's

---

[5] Having determined that a punitive damages award of $250 was reasonable, and that the City would pay, Magistrate Judge Pitman concluded that there was no need to reach Appellant's argument that the punitive damages should also be assessable against City Marshal Rose.  (R&R 27.)

mental anguish in awarding punitive damages, then such an error worked in Appellant's favor. (R&R 24.)

Having found no clear error in the compensatory and punitive damages awards, Magistrate Judge Pitman recommended that the Court affirm the awards in their entirety.

### C. Denial of Appellant's Motion to Re-Open the Hearing on Damages

The Bankruptcy Court denied Appellant's Second Motion, raised under Fed.R.Civ.P. 59, Fed.R.Bankr.P. 9023, and Local Fed.R.Bankr.P. 9023-1, to re-open the hearing on damages so that he could present new evidence regarding his pain and suffering.

"Reconsideration under Fed.R.Civ.P. 59(e), made applicable here by Bankruptcy Rule 9023, is merited when there has been a clear error or manifest injustice in an order of the court or if newly discovered evidence is unearthed." In re Bird, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998). "The movant must show that the court overlooked factual matters or controlling precedent that might have materially influenced its earlier decision." Key Mech. Inc. v. DBC 56 LLC, 01 Civ. 10173 (RWS), 2002 WL 467664, at *2-3 (S.D.N.Y. Mar. 26, 2002). A "motion to reconsider should not give the moving party another bite at the apple by permitting argument on issues that could have been or should have been raised prior to the original motion." Id. (quoting In re Bird, 222 B.R. at 235).

During the damages hearing, the Bankruptcy Court explained that it was not going to award pain and suffering damages because "appellant had not offered any evidence of the matter." (R&R 33.) Moreover, Magistrate Judge Pitman determined that "Appellant had not, at any point during the hearing, controverted these statements or express a desire to offer evidence." (R&R 33-34.) Appellant had thus received notice and had an opportunity to present evidence on emotional damages at the June 6, 2011 hearing, but chose not to do so. Magistrate

Judge Pitman determined that Appellant failed to carry his burden of "show[ing] that the court had either overlooked factual matters or controlling precedent that might have materially influenced its earlier decision, or that new evidence had become available since its earlier decision." (R&R 35.) He therefore recommended that the Court affirm the Bankruptcy Court's second order, denying Appellant's Second Motion. (Id.)

      D.    <u>Denial of Appellant's Request for a Court Order to Compel Chapter 7 Trustee to Assist</u>

Finally, Magistrate Judge Pitman considered Appellant's claim that he was improperly denied the Trustee's assistance in making his First Motion. The Bankruptcy Court had not appointed the Trustee to assist Appellant with his First Motion, because the Appellant had not requested such assistance in his Motion papers. (R&R 38.) Moreover, Magistrate Judge Pitman found that even if the Appellant had requested assistance, there is no evidence that he suffered any injury-in-fact, given that he prevailed on most of the issues that he raised here on appeal. (R&R 39.)[6] Accordingly, Magistrate Judge Pitman determined that "Appellant does not have a claim with respect to the Trustee," and recommended that the Court grant the Trustee's motion to dismiss. (R&R 39.)

## DISCUSSION

**I.    The Report and Recommendation**

The Court has reviewed the report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C). Since no party filed objections, the Court reviewed the R&R for clear error. <u>See Feehan v. Feehan</u>, No. 09 Civ. 7016, 2011 WL 497776 at *1 (S.D.N.Y. Feb. 10, 2011). Finding no clear error, the Court adopts Magistrate Judge Pitman's R&R in its entirety. The Bankruptcy

---

[6] While Appellant did not prevail on his argument that his unpaid parking tickets were dischargeable debt, given the clear case law rejecting Appellant's argument, the Trustee's assistance in this regard would not have made a difference. (R&R 39.)

Court's orders are therefore AFFIRMED and Trustee Roy Babitt's motion to dismiss is GRANTED.

## CONCLUSION

The Clerk of Court is directed to terminate this motion and enter judgment closing this case.

Dated: New York, New York
July 3, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies Mailed By Chambers To:

Mr. William Bace
31 East 30th Street Apt. A
New York New York 10016